# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ARCELORMITTAL WEIRTON, LLC,**
**Employer Below, Petitioner**

**vs.)** **No. 18-0723** (BOR Appeal No. 2052752)
(Claim No. 2017003211)

**DUDLEY PRENTICE,**
**Claimant Below, Respondent**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arcelormittal Weirton, LLC, by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A response was not filed on behalf of Mr. Prentice.

The issue on appeal is compensability. The claims administrator rejected the claim on October 25, 2016. The Office of Judges reversed the decision in its March 1, 2018, Order and held the claim compensable for bilateral carpal tunnel syndrome and ulnar neuropathy. The Order was affirmed by the Board of Review on July 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Prentice, a crane repairman, alleges that he developed carpal tunnel syndrome and ulnar neuropathy in the course of and resulting from his employment. An EMG performed on July 27, 2016, showed bilateral ulnar sensory and motor neuropathies, severe on the right and moderate to severe on the left. Mr. Prentice was treated by William Hagberg, M.D., on August 26, 2016, and reported tingling in both of his ring and small fingers. Dr. Hagberg reviewed the EMG and noted that carpal tunnel syndrome was not diagnosed. On examination, Mr. Prentice had positive Tinel's and Phalen's signs over the median nerves of the wrists and positive Tinel's sign over the ulnar nerves in the elbows. Dr. Hagberg noted that he has a history of rheumatoid arthritis, bilateral ulnar nerve neuropathy at the elbow, and an exam suggestive of carpal tunnel syndrome. He

1

recommended a repeat EMG. Dr. Hagberg diagnosed rheumatoid arthritis, bilateral post-traumatic osteoarthritis, bilateral ulnar neuropathy, and bilateral carpal tunnel syndrome. A repeat EMG was performed on September 2, 2016, and showed marked bilateral ulnar neuropathy.

The Employee's and Physician's Report of Injury was completed on September 2, 2016, and indicates Mr. Prentice alleged injuries to both wrists due to repetitive carrying of tools while working as a crane repairman. The physician's section was completed by Dr. Hagberg and listed the diagnoses as lesion of right ulnar nerve, lesion of left ulnar nerve, mononeuropathies of both arms, and primary osteoarthritis in both wrists. He opined the conditions were the direct result of an occupational injury due to repetitive use.

On October 5, 2016, Dr. Hagberg performed left carpal tunnel release surgery, neuroplasty of the left ulnar nerve at the wrist, neuroplasty of the left ulnar nerve at the elbow, and left flexor origin lengthening. The pre and post-operative diagnoses were left carpal tunnel syndrome, left ulnar neuropathy at the wrist, and left ulnar neuropathy at the elbow. The claims administrator rejected the claim on October 25, 2016.

In a September 5, 2017, letter, Dr. Hagberg noted that Mr. Prentice underwent left wrist and elbow surgery on January 25, 2017. On September 5, 2017, he presented with continued improvement in his hands. His grip and pinch strength had improved on both the right and left. The diagnosis was bilateral carpal tunnel syndrome and bilateral ulnar nerve neuropathy. Dr. Hagberg opined that the diagnoses were work-related. He noted that Mr. Prentice worked in the steel mill for thirty-five years. His work duties involved significant lifting and repetitive activities involving both arms. Despite normal nerve conduction studies, the clinical examination and symptoms were suggestive of carpal tunnel syndrome. The fact that the symptoms improved after surgery further confirms the diagnoses. Dr. Hagberg opined that Mr. Pretnice was temporarily and totally disabled from October 5, 2016, through July 13, 2017, when he was released to return to work.

In a record review dated November 15, 2017, Dr. Mukkamala noted that Mr. Prentice has type II diabetes, edema of the lower extremities, low potassium, and obesity. Dr. Mukkamala diagnosed diabetic peripheral neuropathy. He opined that there is no evidence of carpal tunnel syndrome or ulnar nerve neuropathy at the wrist or elbow. He reviewed the EMG and opined that it was indicative of peripheral neuropathy but not entrapment neuropathy. Carpal tunnel syndrome is caused by entrapment of a nerve. Dr. Mukkamala did find ulnar neuropathy but opined that it was generalized neuropathy and there was no focal entrapment of the ulnar nerve at the wrist or elbow. Dr. Mukkamala stated that the upper extremity release surgeries were unnecessary because there was no entrapment neuropathy. He also found significant risk factors for carpal tunnel syndrome in the form of diabetes and obesity. He opined that Mr. Prentice's symptoms are causally related to his diabetic neuropathy. He also noted a history of rheumatoid arthritis.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for bilateral carpal tunnel syndrome and ulnar neuropathy on March 1, 2018. The Office of Judges noted that Dr. Mukkamala opined that Mr. Prentice had diabetic peripheral neuropathy instead of entrapment neuropathy. It noted that his opinion was supported

by Mr. Prentice's diagnosis of type II diabetes. However, the Office of Judges found that Dr. Hagberg's opinion that he suffers from bilateral carpal tunnel syndrome and ulnar neuropathy was also well supported. Though neither EMG showed carpal tunnel syndrome, Dr. Hagberg's examination showed positive Tinel's and Phalen's signs over the median nerves in the wrists. Further, after the surgeries, Mr. Prentice's pinch and grip strengths improved, indicating the neuropathy was more than likely the result of entrapment. The Office of Judges also found that his work history is consistent with the type of activities that cause carpal tunnel syndrome and ulnar neuropathy. He worked in the steel mills for thirty-five years doing significant lifting and repetitive activities with both arms. The Office of Judges noted that Dr. Hagberg was familiar with the medical history, performed examinations of Mr. Prentice, and performed surgery on his wrists and elbows. Dr. Mukkamala merely performed a record review. The Office of Judges therefore concluded that Dr. Hagberg's opinion was more credible than that of Dr. Mukkamala. The Board of Review affirmed the decision on July 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges, and by extension the Board of Review, committed no reversible error in finding that Dr. Hagberg's opinion was more persuasive than that of Dr. Mukkamala. Dr. Hagberg was more familiar with Mr. Prentice's history, examined him on multiple occasions, and performed surgery on his wrists and elbows. Dr. Mukkamala, on the other hand, merely performed a review of Mr. Prentice's records. Further, Mr. Prentice has shown that his job requires repetitive heavy manual lifting, which pursuant to West Virginia Code of State Rules § 85-20-41.5, has been shown to contribute to the development of carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison